**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W Cushman, | No. CV-19-05839-PHX-DWL (MHB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ahktar Hamidi, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's objections to the amended scheduling order issued by Judge Burns on October 12, 2021. (Doc. 109.) For the following reasons, the objections are overruled.

## BACKGROUND

In this *pro se* civil rights action, which was initiated in December 2019, Plaintiff initially asserted, as relevant here, (1) an Eighth Amendment medical care claim in Count One against Defendant Perez; (2) a First Amendment retaliation claim in Count Two against Defendant Williams; and (3) Eighth Amendment excessive force claims in Count Three against Defendants Picazzo, Beloc, and Guilin. (Doc. 101.)[1] The matter was referred to Magistrate Judge Burns for pretrial purposes. (Doc. 4.)

On November 12, 2020, certain Defendants filed a motion for summary judgment

---

[1] Plaintiff also asserted other claims that were dismissed upon screening (Doc. 12), and certain Defendants who were not dismissed via the screening order were later dismissed based on Plaintiff's failure to timely serve them (Doc. 74).

based on Plaintiff's failure to exhaust administrative remedies. (Doc. 45.)[2]

On February 2, 2021, Judge Burns issued an order clarifying that, due to the pending motion for summary judgment, "all deadlines are stayed until the ruling on Defendants' Motion for Summary Judgment" and "should the Motion for Summary Judgment be denied, within 7 days of that denial Defendants file a joint proposed Amended Scheduling Order." (Doc. 80.)

On August 12, 2021, the summary judgment motion became fully briefed. (Doc. 99.)

On September 28, 2021, the Court issued an order granting the summary judgment motion in part and denying it in part. (Doc. 101.) Specifically, the motion was granted as to Count Three (meaning that Defendants Picazzo, Beloc, and Guilin were dismissed) and denied as to Counts One and Two (meaning that Defendants Perez and Williams were not dismissed). (*Id.* at 24.)

On October 4, 2021, the remaining Defendants (Perez and Williams) filed a proposed amended scheduling order. (Doc. 102.) As relevant here, it proposed a new deadline of October 29, 2021 for motions to join parties and/or amend pleadings and a new deadline of March 1, 2022 for the service of written discovery. (Doc. 102.)

On October 12, 2021, Judge Burns issued an amended scheduling order, which adopted the dates proposed by Defendants Perez and Williams. (Doc. 106.) It also retained the limits on written discovery set forth in the previous version of the scheduling order (*i.e.*, each party is limited to 25 interrogatories, 15 requests for production, and 10 requests for admission). (*Id.* at 2.)

On October 22, 2021, Plaintiff received a copy of the amended scheduling order. (Doc. 110 at 3.)

On October 25, 2021, Plaintiff filed a "Notice to the Court." (Doc. 107.) In this notice, Plaintiff asserted that he did not have a meaningful chance to confer with Defendants' counsel about the proposed amended scheduling order because he had not yet

---

[2] The remaining Defendants later joined in this motion. (Docs. 65, 77.)

- 2 -

1  had a chance to review the summary judgment order at the time Defendants' counsel
2  initiated the meet-and-confer process. (*Id.*)

3  On November 8, 2021, Plaintiff filed the document that is the subject of this order—
4  an appeal of the amended scheduling order issued on October 12, 2021. (Doc. 109.)

5  That same day, Plaintiff filed a motion asking Judge Burns to amend the scheduling
6  order. (Doc. 110.) Specifically, Plaintiff requested that all deadlines be extended by 60
7  days and that Judge Burns "eliminate limits on production of documents and admissions."
8  (*Id.* at 4.)

9  On November 23, 2021, Defendants Perez and Williams filed responses to
10 Plaintiff's appeal and Plaintiff's motion to amend the scheduling order. (Docs. 111, 112.)

11 That same day, Judge Burns issued an order denying Plaintiff's motion to amend
12 the scheduling order. (Doc. 113.)

## DISCUSSION

14 Plaintiff challenges (1) the deadline in the amended scheduling order for adding
15 parties and/or amending pleadings (*i.e.,* October 29, 2021); (2) the deadline in the amended
16 scheduling order for completing fact discovery (*i.e.,* March 1, 2022); and (3) the limitations
17 in the amended scheduling order pertaining to the scope of written discovery (*i.e.,* each
18 party is limited to 25 interrogatories, 15 requests for production, and 10 requests for
19 admission). (Doc. 109.) As for the first issue, Plaintiff argues the amendment deadline is
20 too strict because "[t]his case involves multiple defendants and serious issues of the denial
21 of medical attention and retaliation against the Plaintiff by these defendants, this case
22 involves complex medical issues and will most likely require at least one amended
23 complaint after several requests for production of documents and admissions." (*Id.* at 2.)
24 As for the second issue, Plaintiff offers no reasoned argument. As for the third issue,
25 Plaintiff argues the limitations are impermissible because "[n]either of the Fed. R. Civ. PR
26 #34 or #26(a)(1) places any limits on this discovery." (*Id.* at 2.)

27 Plaintiff's challenge is governed by Rule 72(a) of the Federal Rules of Civil
28 Procedure, which provides that when a magistrate judge issues an order resolving a non-

dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* "The clearly erroneous standard applies to the magistrate judge's factual findings . . . [while] the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (citation and internal quotation marks omitted). "The clearly erroneous standard . . . is 'significantly deferential, requiring a definite and firm conviction that a mistake has been committed.'" *Silva v. Olson*, 2013 WL 870218, *2 (D. Ariz. 2013) (citation omitted). "[T]he contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." *Id*.

Applying these standards, Plaintiff's objections are overruled because he has not demonstrated that Judge Burns committed any error, let alone clear error. As for the amendment deadline, Plaintiff merely identifies a theoretical possibility that he might seek leave to amend his complaint in the future due to the alleged complexity of this case. Such theoretical possibilities do not require courts to adopt lengthy, open-ended deadlines for amending the pleadings. This is particularly true here, where this case has already been pending for over two years. At any rate, if Plaintiff does end up discovering new facts at a later stage of this case that he believes would support amendment, he is free to file a motion requesting permission to do so—in that circumstance, he would simply need to establish "good cause" for seeking amendment after the applicable deadline in the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). As for the discovery deadline, Plaintiff fails to explain why it is erroneous (let alone clearly erroneous) and, again, nothing forecloses Plaintiff from seeking an extension of that deadline at a later date if he can establish "good cause" for the extension. Finally, as for the limitations on written discovery, Plaintiff offers no reasoned argument as to why the chosen limits will unfairly interfere with his ability to develop his claims and the law is clear that judges have discretion to impose such limits. *See* Fed. R. Civ. P. 26(b)(2)(A)

("By order, the court may alter the limits in these rules on the number of . . . interrogatories . . . [and] may also limit the number of requests under Rule 36."); 1 Gensler, Federal Rules and Procedure: Rules and Commentary, Rule 34, at 1059 (2021) ("In contrast to depositions and interrogatories, there is no fixed limit [in Rule 34] on the number of document requests that a party may serve.  However, the trial court may limit the number of document requests allowed under Rule 26(b)(2) and the court's general power to manage discovery.").

Accordingly, **IT IS ORDERED** that Plaintiff's objections (Doc. 109) are **overruled**.

Dated this 12th day of January, 2022.

_____
Dominic W. Lanza
United States District Judge